## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3106 |
| | ) | |
| v. | ) | |
| | ) | |
| CURTIS J. COTTON, | ) | TENTATIVE FINDINGS ON OBJECTIONS |
| | ) | TO PRE-SENTENCE INVESTIGATION |
| Defendant. | ) | REPORT AND REQUEST FOR ORAL |
| | ) | TESTIMONY |

The defendant has objected to several paragraphs in what is referred to as the "Pre-Sentence Investigation Report."  I do not have the "Pre-Sentence Investigation Report," but I do have a later version labeled "Revised Presentence Investigation Report." I think counsel now have the "Revised" version, so my references will be to that version.

**Page 4, paragraph 11**. The objection is to the statement "Victims did report that threats were made regarding the use of a gun and threats were made to kill the victims." In view of the efforts being made by the two attorneys to work out differences with stipulations and agreements, I think it better that I not make tentative findings with respect to this objection. If the parties conclude that they want to offer evidence by way of documents or oral testimony or both, they shall have the opportunity to do so at the sentencing hearing.

**Page 5, paragraph 18**. The objection is to the entire paragraph, having to do with the victims' statements that "the defendants threatened they had a gun; however, one was never seen."  The victims also reported the defendants stated, "if he moves, shoot him in the head" and "Don't move, I have a gun." As with paragraph 11, I think it best that I not make tentative findings, and if counsel wish to present evidence by document or oral testimony or both, they may do so.

**Page 6, paragraph 24**. This objection relates to the statement, "TierOne Bank suffered a loss of $26,500.42 as a result of Mr. Cotton committing the instant offense."   The defendant agrees that the loss for purposes of the Sentencing Guideline is the amount taken, not the actual loss to the bank. I agree with the probation officer's response that U.S.S.G. § 2B3.1, Application

Note 3 makes the applicable finding "the value of the property taken . . ."   Under U.S.S.G. §
2B3.1 an increase of the offense level by one level is appropriate. That is my tentative finding.
Objection to it may be made at the time of the sentencing and evidence may be offered.

     **Page 7, paragraph 31**.   The objection is to the entire paragraph, "A dangerous weapon
was brandished and possessed; therefore, the base offense level is increased by three levels under
U.S.S.G. § 2B3.1(b)(2)(E)."   The defendant may present oral testimony if he wishes, but I
tentatively think that the applicable standard is as the probation officer says in his response ". . .
[A]n object shall be considered to be a dangerous weapon for purposes of subsection (b)(2)(E) if
(A) the object closely resembles an instrument <u>capable of inflicting death or serious bodily
injury</u>; or (B) the defendant <u>used the object in a manner that created the impression that the
object was an instrument capable of inflicting death or serious bodily injury</u>. . . .   A hammer is an
instrument capable of inflicting death or serious injury." (Emphasis added.)  I think the mind set
of the defendant is of no more importance than the mind set of a reasonable person in the
position of the victims.

     The definition of "brandished"is, as *Application Note 1(C)* of U.S.S.G. § 1B1.1 says
"[T]hat all or part of the weapon was displayed, or the presence of the weapon was otherwise
made known to another person, in order to intimidate that person, regardless of whether the
weapon was directly visible to that person. Accordingly, although the dangerous weapon does not
have to be directly visible, the weapon must be present."   I tentatively find that the objection to
paragraph 31 should be overruled, but counsel may offer evidence, including oral testimony or
documents or both.

     **Page 9, paragraph 43.** The objection is to language "asserting that Travis Rush was the
owner of the car and thus a victim. In fact Travis Rush was himself criminally involved in this
matter."   I see no value in our trying to revise the charge of theft by receiving stolen property,
which was dismissed as to the defendant Cotton.   Tentatively, I find that the objection is
overruled and no evidence shall be received on the subject at the hearing.

     **Page 14, paragraphs 55 and 56**.   Because the objection has been made to a factual
matter, it is the government's burden to show by the greater weight of the evidence that the
statements are true. That may be done at the sentencing hearing by documentation or oral

-2-

testimony or both.

**Page 14, paragraph 57**.   The objection is to the entire paragraph, which sets out the state charges of the pending federal charges now being ruled upon. The probation officer's response is that the paragraph "states the entry is related to the instant offense."   I agree that someone else reading paragraph 57 would not necessarily understand that paragraph 57 <u>is</u> the instant offense as it appeared in the state court.   Paragraph 57 will be deleted.

**Page 14, paragraph 58**.   The objection is to the statement that the defendant "is listed in the Omaha gang database as being a member of the Jaynes Street Bloods."   The burden rests upon the government to show by the greater weight of the evidence the truth of the statement. Evidence at the sentencing hearing may be offered by documentation or oral testimony or both.

**Page 17, paragraph 76**. The objection is to the statement that "An employment verification reflects that this location has 'no records of this person' ever being in their employ." The government has the burden of proof. Evidence may be given by documentation or oral testimony or both.

**Page 19, paragraph 90**. The objection is to the statement "The special assessment of $100 is mandatory. 18 U.S.S.G. 3013(a)(2)(A)."   The objection is overruled. Being destitute does not mean that no special assessment can be made. As the probation officer response indicates there are various programs to assist Mr. Cotton to earn enough to pay a $100 assessment.

Dated December 15, 2009.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge